FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ SEP 18 2018 ★
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
REGAN LALLY, ET AL.,

                              Plaintiffs,

    -against-                           ORDER
                                            17-CV-4291 (JFB) (SIL)
HOWARD B. LEFF, ESQ., ET AL.,

                              Defendants.
------------------------------------------------------------X

JOSEPH F. BIANCO, District Judge:

*Pro se* plaintiff Regan Lally[1] brings this action on behalf of herself and her minor children for alleged violations of (1) 42 U.S.C. § 1981; (2) 42 U.S.C. § 1983; (3) 42 U.S.C. § 1985; (4) 42 U.S.C. § 1986; (5) the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq.*; (6) 28 U.S.C. § 455; and (7) various New York state laws. Plaintiff's claims stem from a state court divorce proceeding between herself and her ex-husband.[2] In July 2011, the state court entered a Judgment of Divorce. (Compl. ¶ 2.) Thereafter, in October 2011, the state court issued an Order of Equitable Distribution, which appointed a receiver to sell three residential properties.[3] (*Id.* ¶ 3.) The properties were each eventually sold throughout 2015 (*see, e.g., id.* ¶¶ 192, 259-60; ECF No. 85-3), and, on December 21, 2016, the state court approved the receiver's final accounting, (ECF No. 85-3). Defendants are twenty individuals and entities that were

---

[1] Plaintiff is an attorney admitted to practice in the State of New York, but she is not admitted to practice in the Eastern District of New York.

[2] Plaintiff has also filed state court actions relating to her divorce proceeding and involving the defendants named here. On May 2, 2018, Justice Martha L. Luft of the Suffolk County Supreme Court dismissed plaintiff's most recent state court complaint. (ECF No. 102.) Justice Luft additionally granted the defendants' motion for civil contempt and awarded sanctions against plaintiff. (*Id.* at 3.) Although plaintiff filed a notice of appeal, she subsequently withdrew the action. (*See* ECF No. 138-1.)

[3] According to the Complaint, the state court appointed a receiver to sell the properties after plaintiff and her ex-husband could not agree on a distribution. (Compl. ¶ 4.)

involved in the state court proceedings, including divorce counsel to plaintiff's ex-husband; the court-appointed receiver and her counsel, as well as the law firm at which the receiver is a partner; and the state court justice who, among other things, ordered the sales of the properties and approved the receiver's final accounting of the proceeds. Plaintiff also names realtors and brokers who were involved in selling the properties, and a company who purchased one of the properties. She additionally names her former mother-in-law. The gravamen of plaintiff's Complaint is that the defendants conspired to "corrupt the New York State court proceedings" and unlawfully devalue the properties in order to deprive her of the properties and proceeds from the sales. (*E.g.*, *id.* ¶¶ 1, 13, 28, 260.)

Several defendants filed motions to dismiss the Complaint on various grounds.[4] (ECF Nos. 37, 51-52, 56, 61, 65-66, 69, 74.) On April 27, 2018, the Court referred the motions to Magistrate Judge Steven I. Locke for a report and recommendation. (ECF No. 101.)

Presently before the Court is a Report and Recommendation ("R&R") from Magistrate Judge Locke advising the Court to dismiss the complaint in its entirety without leave to amend. (ECF No. 115.) In short, the R&R concludes that the Court lacks subject matter jurisdiction over plaintiff's claims and, in any event, plaintiff has failed to allege a federal claim for relief and the Court should decline to retain supplemental jurisdiction over the state law claims. For the reasons explained below, after a *de novo* review, the Court adopts the thorough and well-reasoned R&R in its entirety.

---

[4] As of the date of the R&R, defendants Best Real Estate, Grey Hawk Construction Services, Bryan Pushee, and Janet Pushee had failed to answer, move or otherwise respond to the complaint, and a motion for default judgment against them was pending. (ECF No. 113.) On August 16, 2018, Bryan and Janet Pushee submitted a response to plaintiff's objections to the R&R, requesting that the R&R be adopted in its entirety and the motion for default judgment be denied. (ECF No. 130.) In light of the Court's adoption of the R&R, and dismissal of the Complaint for lack of subject matter jurisdiction, the motion for default judgment against these defendants is denied as moot.

2

## I. Standard of Review

A district judge may accept, reject, or modify, in whole or in part, the findings and recommendations of the Magistrate Judge. *E.g., Kleinberg v. Radian Grp., Inc.*, 240 F. Supp. 2d 260, 262 (S.D.N.Y. 2002); *DeLuca v. Lord*, 858 F. Supp. 1330, 1345 (S.D.N.Y. 1994). As to those portions of a report to which no "specific written objections" are made, the Court may accept the findings contained therein, as long as the factual and legal bases supporting the findings are not clearly erroneous. *See* Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Greene v. WCI Holdings Corp.*, 956 F. Supp. 509, 513 (S.D.N.Y. 1997). When "a party submits a timely objection to a report and recommendation, the district judge will review the parts of the report and recommendation to which the party objected under a *de novo* standard of review." *Dafeng Hengwei Textile Co. v. Aceco Indus. & Commercial Corp.*, 54 F. Supp. 3d 287, 291 (E.D.N.Y. 2014) (citing 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.")); Fed. R. Civ. P. 72(b)(3) ("The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.").

## II. Analysis

Having reviewed the full record and the applicable law, and having reviewed the R&R *de novo*, the Court adopts the thorough and well-reasoned R&R in its entirety.[5]

As an initial matter, the R&R recommends dismissal of any claims that plaintiff brings on

---

[5] The parties filed submissions after the Court referred the pending motions to dismiss, and before Magistrate Judge Locke issued the R&R. (ECF Nos. 102-114.) After the R&R was issued, plaintiff filed objections (ECF No. 124) and various defendants filed responses to those objections. (ECF Nos. 127, 129-30, 132-34, 138.) Plaintiff then filed a response to defendants' submissions. (ECF No. 140.) The Court has thoroughly considered the parties' submissions.

behalf of her minor children because a *pro se* litigant may not represent others. (R&R 13-14.) The Court agrees that plaintiff, who is not admitted to the Eastern District of New York, may not represent her minor children in this action, and thus dismisses any claims brought on their behalf.

A.  **Jurisdiction**

The R&R recommends dismissal of the Complaint because the Court lacks subject matter jurisdiction under both the *Rooker-Feldman* doctrine and the domestic relations exception to federal jurisdiction. (R&R 14-18.) It further concludes that the Court lacks personal jurisdiction over defendant Melanie Cyganowski, and that the claims against her should also be dismissed on that ground. Plaintiff, relying on arguments she asserted in opposition to the motions to dismiss, objects to these conclusions. As discussed below, the Court adopts the R&R's conclusions that the Court lacks subject matter jurisdiction under the above-mentioned doctrines, and dismisses the complaint on those grounds. The Court further concludes that personal jurisdiction is lacking over defendant Cyganowski, and dismisses the claims against her on that ground as well.

1. **The *Rooker-Feldman* Doctrine**

As correctly explained by Magistrate Judge Locke (R&R 14-16), the *Rooker-Feldman* doctrine precludes lower federal courts from exercising jurisdiction over claims that seek to collaterally attack a state court judgment. *See, e.g., Lipko v. Christie*, 94 F. App'x 12, 14 (2d Cir. 2004) (citing *Rooker v. Fidelity Tr. Co.*, 263 U.S. 413, 415-16 (1923); and *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482 n.16 (1983)). "In addition to claims that were actually litigated in state court, the *Rooker-Feldman* doctrine bars lower federal courts from exercising jurisdiction over claims that are 'inextricably intertwined' with state court determinations." *Kropelnicki v. Siegel*, 290 F.3d 118, 128 (2d Cir. 2002) (quoting *Feldman*, 460 U.S. at 482-83 n.16).

Plaintiff argues that her claims "do not complain of the injuries of a State Court Judgment" but instead demonstrate a conspiracy to "strip[] over $2.5 million in real estate from a custodial

4

parent and children." *(See* Pl. Objs. 6-7.) Plaintiff raised this argument in opposition to the motions to dismiss, and it was thoroughly considered and rejected by Magistrate Judge Locke. After a *de novo* review, this Court also concludes that plaintiff's argument is meritless. As explained at length in the R&R, plaintiff's claims allege that defendants corrupted state court proceedings to deprive her of the properties and proceeds from the sales. In other words, her claims seek to collaterally attack the state court's decisions to, *inter alia*, appoint a receiver, order and approve the sale of the properties, and approve the receiver's final accounting of the proceeds. Thus, the claims are barred by *Rooker-Feldman*. *See, e.g., Hathaway v. Hathaway*, No. 07-CV-0113 JS ETB, 2007 WL 1075073, at *2 (E.D.N.Y. Apr. 5, 2007) (dismissing claims under *Rooker-Feldman* where they arose from a "state-court judgment awarding Plaintiff less than he contend[ed] he should have received upon his divorce from Defendant").

Plaintiff also argues that the *Rooker-Feldman* doctrine does not apply because $50,000 of proceeds from the sales of the properties remains in escrow. (Pl. Objs. 7-8.) However, the parties do not dispute that the properties have been sold or that the state court has approved the receiver's final accounting. Indeed, the Complaint alleges that defendants' conspiracy ended by May 2017. (*E.g.*, Compl. ¶¶ 62, 273.) The fact that $50,000 remains in escrow is insufficient to preclude application of the *Rooker-Feldman* doctrine. *C.f., Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 427 (2d Cir. 2014) ("Although the state proceedings continued after entry of the foreclosure judgment, with Vossbrinck filing an appeal and a motion to reopen the judgment, Vossbrinck does not argue that the *relevant state judgment* was not 'rendered before the district court proceedings commenced' for *Rooker–Feldman* purposes." (emphasis added)); *Galtieri v. New York City Police Pension Fund*, No. 12 CIV. 1159 PGG, 2014 WL 4593927, at *11 (S.D.N.Y. Sept. 15, 2014) (applying *Rooker-Feldman* where the claims "implicate[d] four prior state court

judgments and decisions concerning Plaintiff's right to control disbursements from his pension" where distributions were ongoing).

Accordingly, for the reasons explained in the R&R and above, the Court adopts Magistrate Judge Locke's recommendation that the Court lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine, and dismisses the Complaint on that ground.[6]

### 2. The Domestic Relations Exception

Magistrate Judge Locke alternatively concluded that the Court lacks subject matter jurisdiction under the domestic relations exception to federal jurisdiction. (R&R 16-18.) Plaintiff argues that the domestic relations exception does not apply because this lawsuit challenges a "post-judgment receivership," not "domestic issues of [d]ivorce, alimony or child custody." (Pl. Objs. 1-5.) Contrary to plaintiff's assertions, and as thoroughly explained by Magistrate Judge Locke, the domestic relations exception is not strictly limited to actions involving the issuance of divorce, alimony, or child custody orders. It also applies to "cases 'on the verge' of being matrimonial in nature," *id.* (quoting *Amer. Airlines v. Block*, 905 F.2d 12, 14 (2d Cir. 1990) (per curiam)), which includes "actions directed at challenging the results of domestic relations proceedings," *Martinez*

---

[6] Justice Steinman moved to dismiss the complaint for lack of subject matter jurisdiction under *Younger v. Harris*, 401 U.S. 37 (1971), which established an abstention doctrine ("*Younger* abstention") that applies to ongoing state court proceedings, rather than under the *Rooker-Feldman* doctrine. (ECF No. 65-1 at 19.) Although the basis for this argument is unclear, it appears to be based on the fact that one of plaintiff's state court actions, *Lally v. Goldstein*, No. 8358/2016 (Suffolk Cty. Sup. Ct. Aug. 26, 2016), was pending when she filed this lawsuit. However, this action does not seek to challenge any decisions or judgments rendered in *Lally v. Goldstein*. Instead, as discussed above, this action seeks to collaterally attack decisions and judgments rendered in plaintiff's divorce proceeding. To the extent that Justice Steinman asserts that *Younger* abstention applies because appeals were pending when plaintiff commenced this action (which is not clear from the parties' submissions), the Court disagrees. *See, e.g., Deraffele v. City of New Rochelle*, No. 15-CV-282 (KMK), 2016 WL 1274590, at *18 (S.D.N.Y. Mar. 30, 2016), *appeal dismissed*, (July 7, 2016) ("[D]istrict courts within the Second Circuit have not confined application of the *Rooker-Feldman* doctrine to situations where federal plaintiffs have exhausted their state-court appeals."); *Davis v. Baldwin*, No. 12-CV-6422 ER, 2013 WL 6877560, at *5 (S.D.N.Y. Dec. 31, 2013), *aff'd*, 594 F. App'x 49 (2d Cir. 2015) ("Regardless of the status of any state court appeals, plaintiff is still seeking federal review of a state-court judgment, and that is what *Rooker-Feldman* prohibits."). Thus, although *Younger* abstention would warrant dismissal of any effort by plaintiff to bring claims that involved or called into question an ongoing divorce proceeding, *see, e.g., Finnan v. Ryan*, 357 F. App'x 331, 333 (2d Cir. 2009), that doctrine has no application here because plaintiff is attempting to undo decisions and judgments already rendered in her divorce proceeding. Under these circumstances, as noted above, the *Rooker-Feldman* doctrine warrants dismissal of the complaint for lack of subject matter jurisdiction.

*v. Queens Cty. Dist. Att'y*, 596 F. App'x 10, 12 (2d Cir. 2015).

Here, plaintiff seeks to challenge the results of her divorce proceeding—specifically, the state court's decision to order the sale of the properties by a receiver after she and her ex-husband could not agree on an equitable distribution, and her resulting loss of the properties and share in the proceeds. Accordingly, Magistrate Judge Locke correctly concluded that the Court lacks subject matter jurisdiction under the domestic relations exception, and the Court also dismisses the Complaint on that ground.

### 3. Personal Jurisdiction

The R&R recommends, in the alternative, dismissal of the claims against Melanie Cyganowski for lack of personal jurisdiction. (R&R 20-23.) Specifically, Magistrate Judge Locke concluded that service was not properly effected on Cyganowski under Section 308 of the New York Civil Practice Law and Rules ("C.P.L.R."). (R&R 20-21.) Plaintiff's objections argue, in substance, that Magistrate Judge Locke improperly applied the C.P.L.R. (*See* Pl. Objs. 19-20.) The Court disagrees, and concurs with Magistrate Judge Locke's analysis. Plaintiff also notes that an attorney for Cyganowski entered an appearance on October 23, 2017. (*Id.* at 20.) To the extent plaintiff argues that that appearance, which expressly noted that it was for the limited purpose of challenging personal jurisdiction, waived service, that argument is meritless. *See, e.g., Zherka v. Ryan*, 52 F. Supp. 3d 571, 577 (S.D.N.Y. 2014) ("Merely making a general appearance before the court will not constitute a waiver of the defense so long as the party makes a timely challenge to the court's jurisdiction."). Accordingly, the Court dismisses the claims against Cyganowski for lack of personal jurisdiction.

## B. Judicial and Quasi-Judicial Immunity

Magistrate Judge Locke further recommends, in the alternative, that the claims against Justice Steinman and the court-appointed receiver, Bernice K. Leber, be dismissed as barred by the doctrines of absolute judicial immunity and quasi-judicial immunity, respectively. (R&R 18-20.) Plaintiff objects, arguing that these immunities do not apply here because Justice Steinman and Leber "acted with criminal intent that would 'shock the conscience', outside of any judicial mandate, and without jurisdiction." (Pl. Objs. 9.) These conclusory assertions were raised in plaintiff's opposition to the motions to dismiss, and were correctly rejected by Magistrate Judge Locke. (R&R 20.) With respect to Justice Steinman, "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability *only when he has acted in the clear absence of all jurisdiction.*" *Gross v. Rell*, 585 F.3d 72, 84 (2d Cir. 2009) (quoting *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978)). As the R&R correctly concludes, Justice Steinman had jurisdiction over the post-judgment divorce proceedings.[7] He is thus entitled to judicial immunity. Leber also would lose her quasi-judicial immunity only if she acted "in the clear absence of all jurisdiction." *Finn v. Anderson*, 592 F. App'x 16, 19 (2d. Cir. 2014) (quoting *Stump*, 435 U.S. at 356-57). Because the allegations against Leber all relate to actions she took within her mandate as a court-appointed receiver, she is also entitled to immunity. Because plaintiff has not alleged any facts, as opposed to conclusory assertions, establishing that either Justice Steinman or Leber acted in the clear absence of all jurisdiction, the Court dismisses the claims against those defendants.

---

[7] Justice Steinman was assigned to the state court proceedings after a different state court justice entered the order of equitable distribution. (ECF No. 65-1 at 9.)

8

C.  **Failure to State a Claim**

Magistrate Judge Locke concluded that, even if the Court had subject matter jurisdiction, the Complaint should nevertheless be dismissed for failure to state a claim. Specifically, the R&R advises that the claims are barred by the doctrine of collateral estoppel, and that, in any event, plaintiff has failed to state a plausible federal claim for relief and the Court should decline to exercise supplemental jurisdiction over the state law claims. Although plaintiff objects to these conclusions, the Court, after a *de novo* review, adopts the R&R's recommendations.

### 1. Collateral Estoppel

Plaintiff objects to Magistrate Judge Locke's conclusion (R&R 23-25) that her claims are barred by the doctrine of collateral estoppel. She argues that collateral estoppel does not apply because the "issues surrounding the RICO enterprise–intentionally devaluing property by racketeering and profiting illegally by $2.5 million dollars–and the Unconstitutional, corrupt state process under which they operated was NOT litigated in State Court." (Pl. Objs. 9.) However, contrary to plaintiff's conclusory assertions, and as thoroughly explained in the R&R, plaintiff has raised the issues in this action in numerous state court actions and appeals. (R&R 3-6, 24.) Accordingly, the Court adopts Magistrate Judge Locke's recommendation that plaintiff's claims are barred by the doctrine of collateral estoppel.

### 2. Insufficient Pleading

As noted above, the R&R concludes that the Complaint fails to state a federal claim for relief, and that the Court should decline to exercise supplemental jurisdiction over the remaining state law claims. (R&R 25-30.)

Plaintiff objects to the R&R's conclusion that the Complaint does not allege a violation of her procedural or substantive due process rights, as required to state her claim under 42 U.S.C.

§ 1983. (Pl. Objs. 12-13.) She asserts that "it was clearly a violation of Plaintiffs' Constitutional rights, recognizable by a 5th grade student, to forbid the purchase of the children's home at the 50% reduced rate received by Defendant BEST REAL ESTATE DEVELOPMENT LLC and disallow the Plaintiffs the opportunity to purchase and/or lease the home until the year 2021." (*Id.* at 13.) The Court agrees with Magistrate Judge Locke that such allegations do not rise to the level of a due process violation.

Plaintiff also objects to the R&R's conclusion that the Complaint fails to allege a plausible RICO claim. She argues that Magistrate Judge Locke "misapplie[d] the law" with respect to RICO's interstate commerce requirement and points to paragraphs in the Complaint that she asserts satisfy the requirement. (Pl. Objs. 14-15.) Although "[t]he law in this Circuit does not require RICO plaintiffs to show more than a minimal effect on interstate commerce," *DeFalco v. Bernas*, 244 F.3d 286, 309 (2d Cir. 2001), "[e]ven a minimal showing . . . requires some factual allegations of a nexus with interstate commerce," *Aliev v. Borukhov*, No. 15-CV-6113 (ERK) (JO), 2016 WL 3746562, at *12 (E.D.N.Y. July 8, 2016). Here, the Court agrees with Magistrate Judge Locke that the Complaint fails to allege facts establishing a nexus to interstate commerce. The allegations on which plaintiff relies in her objections contain only vague and conclusory assertions regarding mails, wires, and interstate commerce, and are thus insufficient to meet even the low pleading threshold. *See, e.g., Aliev*, 2016 WL 3746562, at *12. In any event, the Complaint fails to satisfy numerous other RICO pleading requirements. For instance, it fails to plead the existence of a RICO enterprise, *First Capital Asset Mgmt., Inc. v. Satinwood, Inc.*, 385 F.3d 159, 175 (2d Cir. 2004), and fails to allege the fraudulent scheme with the requisite particularity, *e.g., Flexborrow LLC v. TD Auto Fin. LLC*, 255 F. Supp. 3d 406, 420-21 (E.D.N.Y. 2017); *McGee v. State Farm Mut. Auto. Ins. Co.*, No. 08-CV-392 FB CLP, 2009 WL 2132439, at *5 (E.D.N.Y. July 10, 2009).

Thus, the Court adopts Magistrate Judge Locke's recommendation that, even if subject matter jurisdiction existed, the federal claims should be dismissed for failure to state a claim.

D.  **Supplemental Jurisdiction**

Plaintiff also objects to Magistrate Judge Locke's recommendation that the Court should decline to exercise supplemental jurisdiction over the state law claims. (R&R 30-31.) Having determined that plaintiff's federal claims do not survive defendants' motions to dismiss, the Court concludes that retaining jurisdiction over any state law claims is unwarranted. *See* 28 U.S.C. § 1367(c)(3). "In the interest of comity, the Second Circuit instructs that 'absent exceptional circumstances,' where federal claims can be disposed of pursuant to Rule 12(b)(6) or summary judgment grounds, courts should 'abstain from exercising pendent jurisdiction.'" *Birch v. Pioneer Credit Recovery, Inc.*, No. 06-CV-6497T, 2007 WL 1703914, at *5 (W.D.N.Y. June 8, 2007) (quoting *Walker v. Time Life Films, Inc.*, 784 F.2d 44, 53 (2d Cir. 1986)). Therefore, in the instant case, the Court, in its discretion, "'decline[s] to exercise supplemental jurisdiction'" over plaintiff's state law claims because "it 'has dismissed all claims over which it has original jurisdiction.'" *Kolari v. N.Y-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) (quoting 28 U.S.C. § 1367(c)(3)); *see also Cave v. E. Meadow Union Free Sch. Dist.*, 514 F.3d 240, 250 (2d Cir. 2008) ("We have already found that the district court lacks subject matter jurisdiction over appellants' federal claims. It would thus be clearly inappropriate for the district court to retain jurisdiction over the state law claims when there is no basis for supplemental jurisdiction.").

E.  **Leave to Amend**

Federal Rule of Civil Procedure 15(a) provides that a party shall be given leave to amend "when justice so requires." Fed. R. Civ. P. 15(a). "Leave to amend should be freely granted, but the district court has the discretion to deny leave if there is a good reason for it, such as futility, bad faith, undue delay, or undue prejudice to the opposing party." *Jin v. Metro. Life Ins. Co.*, 310 F.3d 84, 101 (2d Cir. 2002). The Second Circuit has held that "a *pro se* litigant in particular 'should be afforded every reasonable opportunity to demonstrate that he has a valid claim.'" *Dluhos v. Floating & Abandoned Vessel, Known as New York*, 162 F.3d 63, 69 (2d Cir. 1998) (*quoting Satchell v. Dilworth*, 745 F.2d 781, 785 (2d Cir. 1984)). Nevertheless, even in the case of a *pro se* plaintiff, "[i]t is axiomatic that leave to amend need not be granted if to do so would be futile." *Cruz v. Garden of Eden Wholesale, Inc.*, 12 CIV. 5188 BMC MDG, 2012 WL 5386046, at *2 (E.D.N.Y. Oct. 26, 2012). As to futility, "leave to amend will be denied as futile only if the proposed new claim cannot withstand a 12(b)(6) motion to dismiss for failure to state a claim, *i.e.*, if it appears beyond doubt that the plaintiff can plead no set of facts that would entitle him to relief." *Milanese v. Rust–Oleum Corp.*, 244 F.3d 104, 110 (2d Cir. 2001) (citing *Ricciuti v. N.Y.C. Transit Auth.*, 941 F.2d 119, 123 (2d Cir. 1991)).

Here, the defects in the Complaint are jurisdictional and substantive and cannot be cured through better pleading. Accordingly, the Court denies plaintiff leave to amend and dismisses her claims without prejudice. *See Vandor, Inc. v. Militello*, 301 F.3d 37, 38-39 (2d Cir. 2002) (per curiam) ("[A]bsent jurisdiction 'federal courts do not have the power to dismiss *with prejudice*.'" (quoting *Hernandez v. Conriv Realty Assocs.*, 182 F.3d 121, 122 (2d Cir. 1999))).

### III. Conclusion

For the foregoing reasons, IT IS HEREBY ORDERED that, after a *de novo* review, the Court adopts the R&R in its entirety. Accordingly, defendants' motions to dismiss are granted, and plaintiff's federal claims are dismissed without prejudice. The Court declines to exercise supplemental jurisdiction over any remaining state law claims and dismisses those claims without prejudice. The Clerk of Court shall enter judgment accordingly and close the case.

IT IS FURTHER ORDERED that the represented moving defendants shall serve a copy of this Order on plaintiff and on *pro se* defendant, June Flanagan, and file proof of service with the Court.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that, should plaintiff seek leave to appeal *in forma pauperis*, any appeal from this Order would not be taken in good faith, and *in forma pauperis* status is therefore denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Joseph Bianco

Joseph F. Bianco
United States District Judge

Dated: September 18, 2018
Central Islip, New York

13